NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DAVID ELKIN,      )
      )
      Appellant,      )
      )
v.      )      Case No. 2D17-1750
      )
STATE OF FLORIDA,      )
      )
      Appellee.      )
      )
_____ )

Opinion filed February 28, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Mary M. Handsel, Judge.

David Elkin, pro se.


PER CURIAM.

David Elkin appeals the postconviction court's denial of his "application for sentencing review by juvenile offender," filed pursuant to Florida Rule of Criminal Procedure 3.802. We affirm because Elkin is not entitled to review of his sentence under section 921.1402, Florida Statutes (2017). We write to explain why he is not so entitled.

Elkin was indicted for first-degree murder on May 30, 2003, when he was sixteen years old. He pleaded guilty to the lesser included offense of second-degree murder, a first-degree felony. The trial court sentenced him on July 13, 2004, to twenty-five years' imprisonment.

In 2012, the United States Supreme Court held in Miller v. Alabama, 567 U.S. 460, 479 (2012), that a sentencing scheme mandating life in prison without the possibility of parole for juvenile offenders who committed a homicide violates the Eighth Amendment prohibition against cruel and unusual punishment. The majority reasoned that "youth matters for purposes of meting out [sentencing laws'] most serious punishments." Id. at 483. Sentencing courts must take into account a juvenile's "diminished culpability and heightened capacity for change." Id. at 479. Citing prior precedent, the Supreme Court observed that there is "great difficulty" in "distinguishing at this early age between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.' " Id. at 479-80 (quoting Roper v. Simmons, 543 U.S. 551, 573 (2005); Graham v. Florida, 560 U.S. 48, 68 (2010)).

In response to Miller, the Florida Legislature enacted chapter 2014-220, Laws of Florida, which extensively amended section 775.082 to provide penalties for juveniles convicted of certain felonies and created statutes establishing both the procedure for sentencing persons convicted of specified offenses committed while they were juveniles and the procedure for judicial review of such sentences. Ch. 2014-220, § 1 (amending section 775.082), § 2 (creating section 921.1401), § 3 (creating section 921.1402), at 2869-75, Laws of Fla.

Thereafter, in <u>Landrum v. State</u>, 192 So. 3d 459, 469 (Fla. 2016), the Florida Supreme Court held that a life sentence <u>without</u> the possibility of parole for second-degree murder committed by a juvenile was unconstitutional under <u>Miller</u> and required resentencing pursuant to section 921.1401.  The court subsequently held that a life sentence <u>with</u> the possibility of parole after twenty-five years also ran afoul of <u>Miller</u> because Florida's parole process "does not provide for individualized consideration of [the offender's] juvenile status at the time of the murder, as required by <u>Miller</u>, and that [such] sentence, which is virtually indistinguishable from a sentence of life without parole, is therefore unconstitutional."  <u>Atwell v. State</u>, 197 So. 3d 1040, 1041 (Fla. 2016).

Relying on section 921.1402 and Florida Rule of Criminal Procedure 3.802(b)(3), Elkin applied for sentencing review in 2017 because he had served "nearly" fifteen years of his twenty-five-year sentence.  The postconviction court did consider the merits of Elkin's application but denied it, erroneously concluding that Elkin could not take advantage of section 921.1402 because he committed his crime before the statute's effective date of July 1, 2014.  <u>See</u> <u>Falcon v. State</u>, 162 So. 3d 954, 962 (Fla. 2015) (concluding "that juvenile offenders whose convictions and sentences were final prior to the Supreme Court's decision in <u>Miller</u> may seek collateral relief based on that decision").

Nonetheless, the motion was properly denied.  Elkin was adjudicated guilty of second-degree murder, a first-degree felony and a violation of subsection 782.04(3), Florida Statutes (2002).  Therefore, the trial court was permitted to sentence

- 3 -

him to a term of years not exceeding life.  See §§ 775.082(3)(b), Fla. Stat. (2004); 782.04(3).  The sentencing court imposed a twenty-five-year sentence.

Rule 3.802(b)(3), the provision under which Elkin applied for review, provides that a juvenile offender may seek review "after 15 years, if the juvenile offender is sentenced to a term of more than 15 years under sections 775.082(1)(b)2., 775.082(3)(a)5.b., or 775.08(3)(b)2.b., Florida Statutes."  Elkin fails to recognize that the delineated statutes involve sentencing for nonhomicide offenses.  See also § 921.1402(2)(c) (setting forth the same limitations as rule 3.802(b)(3)).

Moreover, none of rule 3.802's subsections apply to Elkin's case.  Rule 3.802(b)(1) applies to juveniles who were sentenced to life or to imprisonment for more than twenty-five years under sections 775.082(3)(a)(5)(a) or (3)(b)(2)(a) for homicide offenses.  Had the trial court sentenced Elkin to a term of years exceeding twenty-five years, he would be entitled to a sentence review after twenty-five years.  See also § 921.1402(2)(a), (b) (setting forth the same limitations as rule 3.802(b)(1)).  Because Elkin's sentence of twenty-five years is not "more than" twenty-five years, he is not entitled to a sentence review under rule 3.802(b)(1).[1]  Likewise, rule 3.802(b)(2) is inapplicable to Elkin's case.  Elkin's conviction was for second-degree murder under section 782.04(3), and rule 3.802(b)(2) applies to sentences imposed for offenses other than those included in section 782.04.  See § 775.082(3)(c); see also § 921.1402(2)(d) (setting forth the same limitations as rule 3.802(b)(2)).

---

[1]We note that had Elkin been sentenced to more than twenty-five years in prison, the postconviction court would have been required to deny the motion without prejudice as a premature application.  See Fla. R. Crim. P. 3.802(d).

- 4 -

Elkin is simply not entitled to a review of his twenty-five-year sentence for second-degree murder.  Therefore, although the postconviction court's reasoning was legally incorrect, we affirm the denial of Elkin's motion.

Affirmed.


SILBERMAN, BLACK, and LUCAS, JJ., Concur.